RTP:MWG
F. #2021R00179

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ROMEAN BROWN,
TYREK CLARKE,
KENNITH DESIR,
STEPHAN DORMINVIL,
KAI HEYWARD,
KEITH JAMES,
CHRISTOPHER JEAN PIERRE,
ONEAL MARKS,
JAHRIAH OLIVIERRE,
ROLEEKE SMITH and
CHRISTOPHER TOPEY,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 1:22-cr-00087(DG)(SJB
(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(B), 982(b)(l), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 1029(a)(5), 1029(b)(2), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### I. The New York State Unemployment System and Pandemic Unemployment Assistance

1. The United States Social Security Act established a federal and state unemployment insurance ("UI") system designed to provide benefits to unemployed people. Each state administered a separate UI program with guidelines established by federal law. The United States Department of Labor exercised general oversight over the UI program. In New York, the New York State Department of Labor ("NYS-DOL") operated the

unemployment system and distributed UI benefits through the New York State Unemployment Insurance Fund ("NYSUIF").

2. On March 13, 2020, the President of the United States declared that the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic was of sufficient severity and magnitude to warrant an emergency declaration for all states, tribes and territories, and the District of Columbia, pursuant to Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5207 (the "Stafford Act").

3. On March 18, 2020, the President of the United States signed the Families First Coronavirus Response Act ("FFCRA") into law. The FFCRA provided additional flexibility for state UI agencies and additional administrative funding to respond to the COVID-19 pandemic.

4. On March 27, 2020, the Coronavirus, Relief, and Economic Security ("CARES") Act was signed into law. It expanded states' ability to provide UI for many workers impacted by COVID-19, including for workers not ordinarily eligible for UI benefits. The CARES Act created several new programs, including Pandemic Unemployment Assistance ("PUA") and Federal Pandemic Unemployment Compensation ("FPUC").

5. PUA provided for up to 39 weeks of benefits to individuals who were self-employed, seeking part-time employment or who otherwise would not qualify for regular UI or extended benefits under state or federal law or Pandemic Emergency Unemployment Compensation ("PEUC") under Section 2107 of the CARES Act. Coverage included individuals who had exhausted all rights to regular UI or extended benefits under state or federal law or PEUC. Under the PUA provisions of the CARES Act, a person who

was a business owner, self-employed worker, independent contractor or "gig" worker could qualify for PUA benefits administered by NYS-DOL if he or she previously performed such work in New York and was unemployed, partially unemployed, unable to work or unavailable to work due to a COVID-19-related reason. A PUA claimant was required to answer various questions to establish eligibility for PUA benefits. Claimants were required to provide their name, date of birth, Social Security number and mailing address. Claimants also were required to identify a qualifying occupational status and COVID-19-related reason for being out of work. The eligible timeframe to receive PUA was from unemployment beginning on or about January 27, 2020 through December 31, 2020.

6. FPUC provided individuals who were collecting regular UI and PUA benefits, among other forms of benefits, with an additional $600 of UI payments per week. In New York, the eligible timeframe to receive FPUC was from unemployment beginning on or about April 5, 2020 through July 26, 2020.

7. On August 8, 2020, the President of the United States signed a Presidential Memorandum authorizing the Federal Emergency Management Agency ("FEMA") to use disaster relief funds pursuant to Section 408 of the Stafford Act to provide supplemental payments for lost wages and to help ease the financial burden on individuals unemployed as a result of COVID-19. These supplemental payments were administered through the Lost Wages Assistance Program ("LWAP"), which served as a temporary measure to provide an additional $300 of UI payments per week for a total of $44 billion in FEMA funds. LWAP was available beginning on or about August 1, 2020 through December 27, 2020.

8. On December 27, 2020, the President of the United States signed the Consolidated Appropriations Act, 2021 into law, which included the Continued Assistance for Unemployed Workers Act of 2020 (the "Continued Assistance Act"). The Continued Assistance Act extended PUA benefits to March 14, 2021 and reauthorized and modified FPUC to provide supplemental UI payments of $300 per week for the period on or about and between December 26, 2020 and March 14, 2021.

9. There were two primary methods to file a claim for NYSUIF benefits: online through the NYS-DOL website and by telephone through a NYS-DOL call center. If the claim was accepted, the claimant was required to establish, on a weekly basis, his or her continued eligibility for UI benefits. The claimant could complete this recertification by answering a series of questions on the NYS-DOL website or through a NYS-DOL call center.

10. KeyBank National Association ("KeyBank") was a bank headquartered in Cleveland, Ohio. The NYS-DOL used KeyBank bank accounts to fund NYSUIF benefits. KeyBank issued some claimants debit cards to which NYSUIF benefit payments were credited. Other claimants acquired reloadable cards issued by different banks and provided the information for the reloadable cards through the NYS-DOL website, which cards were then loaded with NYSUIF benefit payments. Other claimants had NYSUIF benefits directly deposited into personal bank accounts.

II. The Defendants' Fraudulent Scheme

11. In or about and between March 2020 and October 2021, the defendants ROMEAN BROWN, TYREK CLARKE, KENNITH DESIR, STEPHAN DORMINVIL, KAI HEYWARD, KEITH JAMES, CHRISTOPHER JEAN PIERRE, ONEAL MARKS,

JAHRIAH OLIVIERRE, ROLEEKE SMITH and CHRISTOPHER TOPEY, together with others, submitted and caused to be submitted nearly 1,000 fraudulent claims to the NYS-DOL for NYSUIF benefits using the personal identifying information ("PII"), including names, dates of birth and Social Security numbers, of more than 800 real individuals (the "Victims"), whose identities are known to the Grand Jury.

12. Using the Victims' PII, the defendants ROMEAN BROWN, TYREK CLARKE, KENNITH DESIR, STEPHAN DORMINVIL, KAI HEYWARD, KEITH JAMES, CHRISTOPHER JEAN PIERRE, ONEAL MARKS, JAHRIAH OLIVIERRE, ROLEEKE SMITH and CHRISTOPHER TOPEY, together with others, created or caused to be created fraudulent NYS-DOL UI benefits accounts in the Victims' names, and thereby caused NYS-DOL to load benefit funds onto KeyBank debit cards in the names of the Victims. The mailing addresses associated with the accounts, which were provided by the defendants and their co-conspirators, were not the Victims' true addresses, but were instead addresses controlled by the defendants and their co-conspirators, including residences of the defendants located in the Eastern District of New York and elsewhere. Therefore, KeyBank sent debit cards in the Victims' names, via the United States mail, to the defendants and their co-conspirators.

13. The defendants ROMEAN BROWN, TYREK CLARKE, KENNITH DESIR, STEPHAN DORMINVIL, KAI HEYWARD, KEITH JAMES, CHRISTOPHER JEAN PIERRE, ONEAL MARKS, JAHRIAH OLIVIERRE, ROLEEKE SMITH and CHRISTOPHER TOPEY, together with others, used the KeyBank debit cards bearing the names of the Victims to withdraw U.S. currency from ATM machines located in the Eastern District of New York and elsewhere.

14. The above-described fraudulent scheme resulted in an actual loss of approximately $4,339,475.90 and an intended loss of approximately $20,992,365.00, the latter of which includes additional claims filed by the defendants and their co-conspirators that were blocked by NYS-DOL.

COUNT ONE
(Mail and Wire Fraud Conspiracy)

15. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROMEAN BROWN, TYREK CLARKE, KENNITH DESIR, STEPHAN DORMINVIL, KAI HEYWARD, KEITH JAMES, CHRISTOPHER JEAN PIERRE, ONEAL MARKS, JAHRIAH OLIVIERRE, ROLEEKE SMITH and CHRISTOPHER TOPEY, together with others, did knowingly and intentionally conspire to:

(a) devise a scheme and artifice to defraud the NYS-DOL, and to obtain money and property from the NYS-DOL by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, cause mail matter to be delivered by one or more mail and private and commercial interstate carriers, according to the directions thereon, in relation to and involving benefits authorized, transported, transmitted, transferred, disbursed and paid in connection with, a presidentially declared emergency under the Stafford Act, to wit: the COVID-19 pandemic, contrary to Title 18, United States Code, Section 1341; and

(b) devise a scheme and artifice to defraud the NYS-DOL, and to obtain money and property from the NYS-DOL by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, in relation to and involving benefits authorized, transported, transmitted, transferred, disbursed and paid in connection with, a presidentially declared emergency under the Stafford Act, to wit: the COVID-19 pandemic, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT TWO
(Conspiracy to Commit Access Device Fraud)

17. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

18. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROMEAN BROWN, TYREK CLARKE, KENNITH DESIR, STEPHAN DORMINVIL, KAI HEYWARD, KEITH JAMES, CHRISTOPHER JEAN PIERRE, ONEAL MARKS, JAHRIAH OLIVIERRE, ROLEEKE SMITH and CHRISTOPHER TOPEY, together with others, did knowingly and with intent to defraud, conspire to use, and effect transactions with, one or more unauthorized access devices issued to one or more other persons, to wit: debit cards, dates of births and Social Security numbers, in a manner affecting interstate commerce, and by such conduct obtain and receive payments and things

of value aggregating $1,000 or more during any one-year period, contrary to Title 18, United States Code, Sections 1029(a)(2) and 1029(a)(5).

19. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ROMEAN BROWN, TYREK CLARKE, KENNITH DESIR, STEPHAN DORMINVIL, KAI HEYWARD, KEITH JAMES, CHRISTOPHER JEAN PIERRE, ONEAL MARKS, JAHRIAH OLIVIERRE, ROLEEKE SMITH and CHRISTOPHER TOPEY, together with others, did commit and cause the commission of the following:

OVERT ACTS

(a) On or about November 12, 2020, JEAN PIERRE made a cash withdrawal in the amount of approximately $180.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(b) On or about November 13, 2020, MARKS made a cash withdrawal in the amount of approximately $1,000.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(c) On or about December 8, 2020, CLARKE made a cash withdrawal in the amount of approximately $1,000.00 from an ATM located in Miami, Florida, using a KeyBank debit card issued in the name of one of the Victims.

(d) On or about December 29, 2020, TOPEY made a cash withdrawal in the amount of approximately $400.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(e) On or about January 24, 2021, BROWN made a cash withdrawal in the amount of approximately $1,000.00 from an ATM located in Redding, Connecticut, using a KeyBank debit card issued in the name of one of the Victims.

(f) On or about February 10, 2021, OLIVIERRE made a cash withdrawal in the amount of approximately $100.00 from an ATM located in Miami, Florida, using a KeyBank debit card issued in the name of one of the Victims.

(g) On or about March 1, 2021, DORMINVIL made a cash withdrawal in the amount of approximately $480.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(h) On or about March 12, 2021, SMITH made a cash withdrawal in the amount of approximately $800.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(i) On or about April 28, 2021, JAMES made a cash withdrawal in the amount of approximately $470.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(j) On or about June 8, 2021, HEYWARD made a cash withdrawal in the amount of approximately $480.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(k) On or about August 24, 2021, DESIR made a cash withdrawal in the amount of approximately $480.00 from an ATM located in Brooklyn, New York, using a KeyBank debit card issued in the name of one of the Victims.

(Title 18, United States Code, Sections 1029(b)(2) and 3551 et seq.)

COUNTS THREE THROUGH THIRTEEN
(Access Device Fraud)

20. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROMEAN BROWN, TYREK CLARKE, KENNITH DESIR, STEPHAN DORMINVIL, KAI HEYWARD, KEITH JAMES, CHRISTOPHER JEAN PIERRE, ONEAL MARKS, JAHRIAH OLIVIERRE, ROLEEKE SMITH and CHRISTOPHER TOPEY, together with others, as set forth in the chart below, did knowingly and with intent to defraud effect transactions, with one or more unauthorized access devices issued to one or more other persons, to wit: debit cards, dates of births and Social Security numbers, in a manner affecting interstate commerce, and by such conduct did receive payments and things of value aggregating $1,000 or more during any one-year period.

| **COUNT** | **DEFENDANT** |
|---|---|
| THREE | ROMEAN BROWN |
| FOUR | TYREK CLARKE |
| FIVE | KENNITH DESIR |
| SIX | STEPHAN DORMINVIL |
| SEVEN | KAI HEYWARD |
| EIGHT | KEITH JAMES |
| NINE | CHRISTOPHER JEAN PIERRE |
| TEN | ONEAL MARKS |
| ELEVEN | JAHRIAH OLIVIERRE |
| TWELVE | ROLEEKE SMITH |
| THIRTEEN | CHRISTOPHER TOPEY |

(Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT FOURTEEN
(Aggravated Identity Theft)

22. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROMEAN BROWN, together with others, during and in relation to the crimes charged in Counts One, Two and Three, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT FIFTEEN
(Aggravated Identity Theft)

24. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYREK CLARKE, together with others, during and in relation to the crimes charged in Counts One, Two and Four, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT SIXTEEN
(Aggravated Identity Theft)

26. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

27. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KENNITH DESIR, together with others, during and in relation to the crimes charged in Counts One, Two and Five, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT SEVENTEEN
(Aggravated Identity Theft)

28. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

29. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant STEPHAN DORMINVIL, together with others, during and in relation to the crimes charged in Counts One, Two and Six, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT EIGHTEEN
(Aggravated Identity Theft)

30. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

31. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KAI HEYWARD, together with others, during and in relation to the crimes charged in Counts One, Two and Seven, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT NINETEEN
(Aggravated Identity Theft)

32. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

33. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEITH JAMES, together with others, during and in relation to the crimes charged in Counts One, Two and Eight, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT TWENTY
(Aggravated Identity Theft)

34. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

35. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER JEAN PIERRE, together with others, during and in relation to the crimes charged in Counts One, Two and Nine, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT TWENTY-ONE
(Aggravated Identity Theft)

36. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

37. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ONEAL MARKS, together with others, during and in relation to the crimes charged in Counts One, Two and Ten, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT TWENTY-TWO
(Aggravated Identity Theft)

38. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

39. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAHRIAH OLIVIERRE, together with others, during and in relation to the crimes charged in Counts One, Two and Eleven, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT TWENTY-THREE
(Aggravated Identity Theft)

40. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

41. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROLEEKE SMITH, together with others, during and in relation to the crimes charged in Counts One, Two and Twelve, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

COUNT TWENTY-FOUR
(Aggravated Identity Theft)

42. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

43. In or about and between March 2020 and October 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRISTOPHER TOPEY, together with others, during and in relation to the crimes charged in Counts One, Two and Thirteen, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more persons, knowing that the means of identification belonged to other persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

44. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

45. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO THROUGH THIRTEEN

46. The United States hereby gives notice to the defendants charged in Counts Two through Thirteen that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offenses to forfeit any personal property used or intended to be used to commit the offenses.

47. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

A TRUE BILL

Kathleen Sullivan (Deputy)
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2021R00179

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ROMEAN BROWN, *et al.,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(B), 982(b)(l), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5), 1029(a)(5), 1029(b)(2), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 1029(c)(2), 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

Kathleen Sullivan (Deputy) _________ *Foreperson*

*Filed in open court this* __________________ *day,*

*of* ____________ *A.D. 20* _____

_______________________________________ *Clerk*

*Bail, $*

___________________________________

***Robert Polemeni and Michael W. Gibaldi, Assistant U.S. Attorneys***
***(718) 254-6044/6067***